1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS DERISE CORBRAY,

                    Plaintiff,

    v.

GERARLD A. HORNE, et al.,

                    Defendants.

CASE NO. 3:23-CV-5841-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: December 1, 2023

Plaintiff Dennis Derise Corbray, proceeding *pro se*,[1] filed this civil rights complaint under 42 U.S.C. § 1983.[2] Dkt. 4. The Court has considered Plaintiff's proposed complaint and concludes Plaintiff has not stated a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Accordingly, the Court recommends this case be dismissed for failure to state a claim.

I.      **Background**

In the proposed complaint, Plaintiff, a prisoner housed in Stafford Creek Corrections Center ("SCCC"), alleges that Gerald Horne, a prosecutor, and his employer, the Pierce County

---

[1] Roy Corbray assisted Plaintiff in preparing the proposed complaint. Dkt. 4 at 7.

[2] Plaintiff paid the full filing fee.

REPORT AND RECOMMENDATION - 1

1  Prosecutor's Office violated his rights. Dkt. 4 at 4–7. Specifically, Plaintiff asserts that Horne did

2  not properly supervise the deputy prosecutor who signed the criminal information outlining the

3  charges against Plaintiff in 2001. *Id.* at 4–5. Plaintiff contests the veracity of the facts in the

4  criminal information, claiming that the document lacked a factual basis. *Id.* at 5. In addition,

5  Plaintiff contends that the Pierce County Prosecutor's Office failed to oversee the deputy

6  prosecutor when she included inaccuracies in her declaration against Plaintiff. *Id.* at 6. For relief,

7  Plaintiff requests compensatory damages in the amount of $42,000,000.00. *Id.* at 7.

8       **II.      Discussion**

9       Under the Prison Litigation Reform Act of 1995, the Court is required to screen

10  complaints brought by prisoners seeking relief against a governmental entity or officer or

11  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

12  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

13  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

14  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

15  152 F.3d 1193 (9th Cir. 1998).

16      To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a

17  violation of rights protected by the Constitution or created by federal statute, and (2) the

18  violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

19  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

20  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

21  (1994).

22      To satisfy the second prong, a plaintiff must allege facts showing how individually

23  named defendants caused, or personally participated in causing, the harm alleged in the

24

REPORT AND RECOMMENDATION - 2

complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633-34. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

**Defendants Horne and Pierce County Prosecutor's Office.** Plaintiff alleges that Horne and the Pierce County Prosecutor's Office failed to supervise a deputy prosecutor when she signed a criminal information and made a declaration against Plaintiff in his state-court criminal case. Dkt. 4 at 4–7. Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). Here, Plaintiff alleges that Horne and the Pierce County Prosecutor's Office improperly supervised the deputy prosecutor. Dkt. 4 at 4–7. Thus, the allegations relate directly to Horne's prosecutorial function. In addition, Plaintiff only seeks monetary damages. Horne and the Pierce County Prosecutor's Office have immunity as prosecutors; therefore, Plaintiff has failed to state a claim against them.

### III.    Leave to Amend

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, any attempt by Plaintiff to amend the proposed complaint would be futile. The named defendants are not proper and additional allegations against these defendants would not cure the deficiencies. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed complaint.

### IV.    Conclusion

For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted and leave to amend would be futile. Therefore, the Court recommends this case be dismissed and the dismissal count as a "strike" under 28 U.S.C. §1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 1, 2023, as noted in the caption.

Dated this 13th day of November, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4