THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS DERISE CORBRAY,<br><br>               Plaintiff,<br><br>   v.<br><br>GERALD A. HORNE, *et al.*,<br><br>               Defendants. | CASE NO. C23-5841-JCC<br><br>ORDER |

Plaintiff filed a civil rights complaint with this Court asking for 42 U.S.C. § 1983 relief. (*See* Dkt. No. 4.) However, because he is a prisoner seeking redress from a governmental entity or officer, the Court must dismiss the complaint prior to service if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(a)–(b)(1). The Honorable Judge David W. Christel, United States Magistrate Judge, issued a Report and Recommendation ("R&R") that this Court do just that. (*See* Dkt. No. 6) Plaintiff objects. (*See* Dkt. No. 7.)

A district court reviews *de novo* those portions of a magistrate judge's R&R to which a party properly objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In turning to the complaint, Plaintiff alleges that former Pierce County Prosecutor Gerald Horne, and his former employer, Pierce County Prosecuting Attorney's Office, violated his civil rights. (*See* Dkt. No. 4 at 4–7.) According to Plaintiff, they did so when a second prosecutor (a subordinate to Mr. Horne) signed a probable cause document omitting information relevant to the offense for which

Plaintiff is ultimately now serving a term of custody. (*Id.*) Plaintiff contends that Mr. Horne, by granting this subordinate permission to sign the document, infringed on Plaintiff's civil rights. (*Id.*)

According to the R&R, the recommended disposition here turns on the fact that the named Defendants, Mr. Horne and the Pierce County Prosecuting Attorney's Office, enjoy absolute immunity. (Dkt. No. 6 at 3.) Plaintiff, in objecting, argues that the subordinate prosecutor at issue, and by extension Mr. Horne and the Pierce County Prosecutor's office, are not afforded such immunity. (Dkt. No. 7 at 2–3.) Indeed, while a prosecutor enjoys absolute immunity from suit when acting pursuant to their role as an advocate, this immunity falls away when performing other functions, such as that of a complaining witness. *See Kalina v. Fletcher*, 522 U.S. 116, 131 (1997). And here, the Court agrees that, based on Plaintiff's allegations, absolutely immunity would not necessarily apply. (Dkt. No. 7 at 3.) But this is not the end of the analysis. Plaintiff contends that when a prosecutor signs a probable cause certificate, by definition, this infringes on a defendant's rights. (*See* Dkt. No. 1 at 5.) No more allegations are needed to support this contention. The Court disagrees.

There is a difference between an imperfect defense and conduct which, if proven to be true, violates someone's rights. Because Defendants still enjoy *qualified* immunity, Plaintiff not only needs to show how they violated his rights, but that those rights are of a "clearly established statutory or constitutional [magnitude] of which a reasonable person would have known." *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985). And neither Plaintiff's complaint nor his objection to the R&R make this showing. (*See* Dkt. Nos. 1 at 4–5, 7 at 1–6.)

Moreover, Plaintiff's allegations focus primarily on the subordinate's conduct. (*See generally* Dkt. No. 7.) But to state a § 1983 claim, a plaintiff must allege facts to show how a *named* defendant caused the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). While Plaintiff contends that Defendant Horne failed to supervise the subordinate, this is a legal conclusion lacking in factual support. It alone is insufficient to state a

ORDER
C23-5841-JCC
PAGE - 2

plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And none of Plaintiff's allegations, at least on the surface, suggest that the subordinate violated a clearly established right (nor does Plaintiff provide citation suggesting that it does). *See Foster v. Dept. of Lab. and Industries*, 2020 WL 4193179, slip op. at 5 (W.D. Wash. 2020) ("[w]hen [the qualified immunity] test is properly applied, it protects all but the plainly incompetent or those who knowingly violate the law.") (internal citation omitted).

For the foregoing reasons the Court ADOPTS the R&R (Dkt. No. 6), DENIES the objections (Dkt. No. 7) and DISMISSES the complaint (Dkt. No. 4) with prejudice and without leave to amend.[1] Because this case is being dismissed for failure to state a claim, it shall count as a "strike" under 28 U.S.C. § 1915(g). Finally, based on this disposition, Plaintiff's request for appointment of counsel is moot. (Dkt. No. 7 at 4–5.)

DATED this 7th day of December 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] A *pro se* litigant need not be granted leave to amend if it "is absolutely clear that no amendment can cure the defect." *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). Here, the nexus between the alleged acts and asserted legal claim is too tenuous for a colorable claim to arise following amendment.

Moreover, the Court notes that Plaintiff is currently pursuing a similar claim against the subordinate prosecutor referenced above. *See Corbray v. Robnett, et al.*, Case No. C23-5725-JCC-TLF (W.D. Wash. 2023). Accordingly, the claims asserted in this complaint are largely duplicative.